**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4928

EDWARD BUFUTH PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-96-93)

Submitted: November 25, 1997

Decided: January 28, 1998

Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy F. Cogan, CASSIDY, MYERS, COGAN, VOEGELIN &
TENNANT, L.C., Wheeling, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Ray M. Shepard, Assistant United
States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Bufuth Phillips pled guilty to distributing cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1997), and received a sentence of 108 months imprisonment. Phillips appeals his sentence. He challenges the district court's finding that he possessed a weapon in connection with the offense, <u>see</u> USSG§ 2D1.1(b)(1),* and claims that the court considered information protected under his cooperation agreement in making that determination. <u>See</u> USSG § 1B1.8. He argues that the court clearly erred when it refused to give him a mitigating role adjustment. <u>See</u> USSG § 3B1.2. He also alleges that he was a victim of sentencing entrapment because crack cocaine was included in his relevant conduct, <u>see</u> USSG§ 1B1.3, that the government failed to honor a promise to recommend a substantial assistance departure, <u>see</u> USSG § 5K1.1, and that he received ineffective assistance of counsel. We affirm.

Phillips took over his son's cocaine business after his son was severely injured in a car accident. From early 1995 until his arrest in May 1996, Phillips regularly flew from his home in California to Winston-Salem, North Carolina, where his son lived. He established a relationship with his son's New York sources, Felix Ortega and Lewis Mercado, and with his son's customers in North Carolina and West Virginia. Phillips helped Mercado and Ortega find an apartment in Huntington, West Virginia. He also arranged drug sales and participated in sales of cocaine and crack. On April 13, 1995, in Huntington, Phillips and Mercado sold 73.5 grams of crack and .49 grams of cocaine powder to two college students, who in turn sold it to an undercover agent while Phillips was present. In early 1996, Ortega and Mercado were arrested in Huntington, West Virginia. Thereafter, Phillips found a source of cocaine in California and made about five more trips to North Carolina, bringing between nine and thirty-six ounces of cocaine with him each time, so that he could continue to sell to his son's customers. Phillips was arrested in May 1996 after selling five ounces of cocaine at a motel in Dunbar, West Virginia.

_____

*<u>U.S. Sentencing Guidelines Manual</u> (1995).

2

He had a 9 mm. pistol with him in the motel room, as well as eleven ounces of cocaine and $12,812 in cash.

Phillips immediately began to cooperate with the government and eventually pled guilty to distributing the cocaine sold on April 13, 1995, in Huntington. His plea agreement did not mention a substantial assistance departure, although the government attorney acknowledged during the guilty plea hearing that the possibility of such a departure was one of the benefits Phillips would gain through a guilty plea. The agreement provided that information supplied by Phillips during his cooperation would not be used to determine his sentence unless the government obtained the same information from an independent source. Before accepting Phillips' guilty plea, the district court specifically informed him that, if the crack distributed on April 13, 1995, were included in his relevant conduct, his base offense level would be at least thirty-two. See USSG § 2D1.1(c). When the presentence report was prepared, the crack and the firearm seized from Phillips were used to calculate his sentence.

Phillips made no objection to the probation officer's calculation, but requested a minor or minimal role adjustment, arguing unsuccessfully that he had acted for the benefit of his son and had simply carried out his son's instructions. On appeal, he contends that the district court clearly erred in denying him the adjustment because Ortega and Mercado were more culpable than he; he also represents that the cocaine he obtained in California was of low quality. Sentence adjustments and enhancements are determined based on relevant conduct which, for drug offenses, includes all acts and omissions that were part of the same course of conduct as the offense of conviction. See USSG § 1B1.3(a)(2). Phillips actively arranged drug sales, found his own source of cocaine when it became necessary, and personally sold cocaine. We have no difficulty in finding that he was not "substantially less culpable" than the other participants in the overall offense. See USSG § 3B1.2, comment. (backg'd).

Phillips alleges that the district court considered statements he made under the cooperation agreement to find that he possessed a weapon in connection with the offense. Phillips did not object to the enhancement at sentencing, but the district court asked why it applied. The government attorney explained that Phillips was in possession of

3

a firearm when he was arrested immediately following a cocaine sale. In a later exchange, the government attorney added that there was no direct evidence that Phillips possessed a firearm during the April 13 distribution, but that the undercover agent reported that Phillips told her he usually carried a gun when he traveled. The government attorney also mentioned that, when Phillips was debriefed, he admitted that he always carried a firearm when he was in Huntington.

The enhancement for weapon possession is to be made if a firearm is present unless it is clearly improbable that the weapon was connected to the offense. USSG § 2D1.1, comment. (n.3). We review the district court's factual finding for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). There is no question that a weapon was present during Phillips' offense, given that he had a firearm in his possession when he was arrested and that enhancements are determined by relevant conduct and not simply by conduct comprising the offense of conviction. Therefore, the district court did not need to consider the admission Phillips made during his debriefing to find that the enhancement applied. The court found "that the defendant did possess the firearm during transactions falling within the relevant conduct provisions." The court did not clearly err in making the adjustment.

Phillips further argues that it was a violation of due process to require him to prove that the firearm he possessed at his arrest was not connected to his drug trafficking, particularly when he was not charged with a firearm offense. Phillips did not raise this issue in the district court and thus has failed to preserve it for other than plain error review. See United States v. Olano, 507 U.S. 725 (1993) (plain error review requires error, plain under current law, that is prejudicial to defendant and seriously affects fairness, integrity or public reputation of judicial proceedings). Phillips cannot demonstrate plain error because the guideline does not shift the burden of proof to the defendant; the government is required to prove not only that the weapon was present but that it is not clearly improbable that it was connected to the offense. See United States v. Payne, 81 F.3d 759, 764 (8th Cir. 1996). And due process guaranteed that Phillips had an opportunity at sentencing to present contrary evidence. He represented that the firearm was for his personal protection, a motivation which the district court found was connected to the offense.

4

We find no evidence of sentencing entrapment in the fact that the undercover agent asked to buy crack instead of cocaine powder on April 13, 1995. See United States v. Jones, 18 F.3d 1145, 1151-55 (4th Cir. 1994) (sentencing entrapment results from outrageous conduct by law enforcement authorities). According to the agent's report, Phillips initially referred the request to Ortega and Mercado, but later accompanied Mercado when the crack was delivered and told the agent and the confidential informants present how he had participated in cooking the crack. Therefore, Phillips was properly held accountable for the crack distribution.

Phillips contends that the government failed to keep a promise to recommend a substantial assistance departure. His plea agreement contained no promise of a motion pursuant to USSG§ 5K1.1 should he provide substantial assistance, and when he entered his guilty plea he acknowledged that his plea was not induced by any other promises. At a post-sentencing hearing which the district court convened in response to a letter from Phillips, the district court determined that the government had never promised, informally or otherwise, to file a motion for substantial assistance. At that hearing, the government attorney explained that he had serious concerns about the truthfulness of the testimony Phillips gave before a grand jury as part of his cooperation. The attorney denied telling Phillips' attorney that he intended to recommend that the United States Attorney file a substantial assistance motion. When there has been no promise of a departure motion in return for substantial assistance, a defendant is not entitled to relief unless the government's failure to request a departure results from an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-87 (1992). Phillips did not make the required showing.

Finally, Phillips claims that he received ineffective assistance of counsel in connection with his sentencing. Such claims are not properly presented on direct appeal unless the record conclusively establishes that the defendant received inadequate representation. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). In this case, the record does not, on its face, establish that Phillips received ineffective assistance from his attorney.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6